IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DARROW L. WILLIAMS, | X X X | |
| Petitioner, | X X | |
| vs. | X X | No. 04-2264-B/An |
| DAVID MILLS, | X X | |
| Respondent. | X X X | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Petitioner Darrow L. Williams, Tennessee Department of Correction prisoner number 012907, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed a petition pursuant to 28 U.S.C. § 2254 on April 14, 2004. The Court issued an order on November 30, 2004 that, <u>inter alia</u>, dismissed the petition and denied a certificate of appealability. Judgment was entered on December 7, 2004. On December 20, 2004, Williams filed a motion for reconsideration, which the Court construes as a timely motion pursuant to Fed. R. Civ. P. 59(e) and, apparently, Fed. R. Civ. P. 60(b).[1]

---

[1] On March 1, 2005, the clerk docketed a letter from Williams asking for a status report on his motion. This order shall serve as a response to that letter.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9-16-05

A party is entitled to relief from a judgment pursuant to Fed. R. Civ. P. 59(e) under only limited circumstances:

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) (footnotes omitted); see Nagalingam v. Wilson, Sowards, Bowling & Costanzo, No. 00-5453, 2001 WL 493392, at *2 (6th Cir. May 1, 2001).

Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any

other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for numbers (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). Moreover, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 384 (6th Cir. 2001).

The Supreme Court recently placed restrictions on the ability of district courts to consider motions for reconsideration filed by § 2254 petitioners. In Gonzalez v. Crosby, 125 S. Ct. 2641 (2005), the Supreme Court stated as follows:

> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. . . . Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. . . . Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. . . . Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. . . .
>
> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a

3

claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits,[2]

---

[2] In a footnote, the Supreme Court stated that

[t]he term "on the merits" has multiple usages. . . . We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or
(continued...)

4

> since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.[3]

Id. at 2647-48 (citations omitted).

In this case, it is difficult to discern whether Williams's motion is of a type that can be considered absent authorization by the Sixth Circuit, or whether, if it is, Williams is entitled to relief, because the December 20, 2004 filing does not clearly articulate any argument. Instead, Williams's motion consists of a stack of documents from the various state-court proceedings, with no reference to the prisoner's § 2254 petition or the Court's order dismissing that petition. These documents may have some bearing on the claims asserted in the original petition, and they also may assert arguments that were not raised in the original petition. The Court will not speculate about the relevance of these various documents. Because Williams has not clearly

---

[2] (...continued)
statute-of-limitations bar.

Id. at 2648 n.4 (citation omitted).

[3] The Court stated in a footnote that "[f]raud on the federal habeas court is one example of such a defect. . . . We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." Id. at n.5 (citations omitted).

5

articulated the basis of his motion for reconsideration, the motion is DENIED.

      IT IS SO ORDERED this 15th day of September, 2005.

                                              J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 13 in case 2:04-CV-02264 was distributed by fax, mail, or direct printing on September 16, 2005 to the parties listed.

---

Darrow Lynn Williams
WEST TENNESSEE STATE PRISON
012907
P.O. Box 1150
Henning, TN 38041--110

Honorable J. Breen
US DISTRICT COURT